THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
South Carolina Department of Social Services, Respondent,
v.
Melissa Downer, Frederick Downer, Sr., Mary Jones,
Defendants,
of whom Frederick Downer, Sr. is Appellant.
IN THE INTEREST OF:   Frederica Downer  DOB: 12/06/86, Labertha Downer DOB: 04/12/89, Frederick Downer, Jr. DOB: 10/30/91, Thomas Downer  DOB: 05/03/93, Furman Downer DOB:  03/15/95, Alexander Downer DOB: 12/11/97, Melissa E. Downer DOB: 03/11/99, Marybeth Downer  DOB: 01/14/01, Alice Marie Downer  DOB:  03/15/02 Minors Under the Age of 18.
 
 
 

Appeal From Greenville County
 Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No.  2005-UP-634
Submitted December 1, 2005  Filed December 13, 2005

AFFIRMED

 
 
 
Chace Damon Campbell, of Greenville, for Appellant.
Harry LaDon Phillips, Jr., S.C. Dept. of Social Services, of Greenville, for Respondent.
Amanda H. Craven, of Greenville, for Guardian Ad Litem.
 
 
 

PER CURIAM:  This appeal arises from a contested Permanency Planning Hearing.  The South Carolina Department of Social Services (DSS) sought, inter alia, to retain custody of Frederick (Downer) and Melissa Downers child Frederica, to enjoin Downer from having contact with the other eight children who remain in Melissas custody, and to have Downer pay child support to Melissa.  The family court found Downer failed to complete the prescribed treatment plan, and having Downer pay child support would be in the childrens best interest.  The family court also found Fredericas best interest would be served by DSS retaining custody, because she would be eighteen in three months and was doing well.  Accordingly, the family court adopted the Permanency Plan with the proviso Downer begin paying child support within fourteen days of his release from prison. Upon completion of the treatment goals, Downer could immediately petition the court for visitation with his eight minor children.  
After a thorough review of the record pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987) and SCDSS v. Frederick Downer, Sr., S.C.Sup.Ct. Order dated February 2, 2005 (expanding the procedure set forth in Cauthen to situations where an indigent person appeals from an order imposing other measures short of termination of parental rights, such as removal, based on child abuse and neglect), we affirm[1] the family courts ruling and grant counsels petition to be relieved.
AFFIRMED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.